IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONYA NIXON, individually and on )
behalf of a class of those similarly )
situated, )
       Plaintiff, )
)
  v. )
) 1:07cv839
ALAN VESTER AUTO GROUP, INC., )
*et al.* )
)
       Defendants. )

## MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

Tilley, Senior District Judge

This matter is before the Court on Plaintiff Tanya Nixon's objections to the Memorandum Opinion and Recommendation of Magistrate Judge Russell A. Eliason. On October 8, 2008, Judge Eliason filed a Memorandum Opinion and Recommendation [Doc. # 42] that Defendants' Motion to Dismiss [Doc. # 27] be granted as to Counts One, Two, Three, Four, Ten, and Twelve of Plaintiff's First Amended Complaint, and denied as to Counts Five, Six, Seven, Eight, Nine and Eleven, and that Plaintiff's Motion to Amend and Add a Party [Doc. # 7] be denied. Plaintiff filed timely objections to the Recommendation [Doc. # 44] on October 27, 2008. Having reviewed *de novo* the parts of the Recommendation to which specific objections were made, it is determined that the Recommendation should be adopted with the modifications discussed below. Therefore, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's fraud, North Carolina Dealers Act, Unfair and Deceptive

Trade Practices Act.[1] In addition, all claims as to all defendants other than Alan Vester Auto Group, Inc. and Alan Vester individually are dismissed, including the claims against Universal and Western (Count Ten) and Signature Auto Finance (Count Twelve). The Court finds that Plaintiff's civil conspiracy claim and her claim under the Equal Credit Opportunity Act (Count Five) survive Defendants' motion to dismiss. In addition, as Defendants did not sufficiently move to dismiss Plaintiff's claims against Alan Vester individually, the Plaintiff's civil conspiracy and Equal Credit Opportunity Act claims remain as to Mr. Vester.

Plaintiff's Motion to Amend is denied for the reasons set forth in the Recommendation.

I.

The Court adopts the facts as presented in the Recommendation.

II.

Plaintiff's objections to the Recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). Where no objection is made, the court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Defendants have filed a

---

[1] Plaintiff organized the First Amended Complaint by dividing it into Counts One through Twelve. Not all of Plaintiff's "Counts" are independent claims, however. Several of the Counts address legal concepts or liability of certain parties and contain relevant facts and allegations but are not actual claims.

2

motion to dismiss for failure to state a claim upon which relief may be granted, which requires the Court to review the facts in the light most favorable to the Plaintiff and dismiss the First Amended Complaint if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed. 929 (2007).

Plaintiff objects to dismissal of her Dealers Act claim to the extent it is based upon violations of N.C. Gen. Stat. § 75, her claim under the North Carolina Unfair and Deceptive Trade Practices Act, and dismissal of Defendants Alan Vester Motor Company, Inc., Alan Vester Nissan, Inc., Alan Vester Auto Mart, Inc., Alan Vester Ford Lincoln Mercury, Inc., Alan Vester Auto Mart of Kinston, Inc., Alan Vester Management Corporation and Alan Vester Enterprises, LLC, Universal Underwriters Insurance Company and Western Surety Company for lack of standing.[2]

III.

Plaintiff first objects to Judge Eliason's finding that she is required to show a misrepresentation in order to sustain a claim for unfair and deceptive trade practices, stating that violations of North Carolina statutory provisions or other types of unfair acts are sufficient to meet the pleading requirement for a claim under the Unfair and

---

[2] Plaintiff does not object to dismissal of her fraud (Count Three) claim or her claim under the Credit Repair Organization Act (Count 4), or of her Dealers Act claim (Count One). She also does not object to dismissal of her Dealers Act claim (Count One) and Count Ten (liability of Universal and Western) to the extent those claims were based on fraud. Therefore, those claims are reviewed for clear error. She also does not object to dismissal of Signature Auto Finance because of its recent notice of bankruptcy.

3

Deceptive Trade Practices Act. She further argues that reliance is not a required element under the statute.

While it is true that Chapter 75 encompasses a range of unfair practices that may be broader than misrepresentation, and while the alleged acts of Defendants may indeed violate a North Carolina statute or otherwise offend public policy, Plaintiff failed to allege that she was personally deceived by any acts of the Defendants, or that there was any link between any actual injury to the Plaintiff and the alleged bad behavior. Showing actual injury to the plaintiff resulting from the alleged behavior of the defendant is required in order to survive a motion to dismiss pursuant to Rule 12(b)(6). See, e.g., Walker v. Sloan, 137 N.C. App. 387 (2000).

As stated by Judge Eliason, Plaintiff entered into the loan agreement with knowledge of its actual terms. [Doc. # 42, at 12]. Nowhere does she allege that she believed her interest rate or payments would be different from what she has paid. She even states in her Complaint that she has continued to make car payments and still owns the car. [Doc. # 4, ¶32]. Thus, Judge Eliason's analysis that there was no misrepresentation is correct and, while there may have been misconduct on the part of Alan Vester Auto Group, his view that the Plaintiff has suffered no harm as a result is also correct. [Doc. # 42, at 14, n. 7]. Whether the deficiency in Plaintiff's Complaint is stated in terms of a failure to show "detrimental reliance"[3], or injury, or

---

[3] North Carolina cases regarding the elements of a Chapter 75 claim use the phrase "detrimental reliance" and "proximate cause" in a confusing manner. In Pearce v. American Defender Life Ins. Co., 316 N.C. 461, 343 S.E.2d 174 (1986),

4

proximate cause, Plaintiff's claim fails because she pleads that she was aware of the terms of the financing arrangement and met the terms of the financing arrangement. Whatever documentation was improperly given in order to obtain that financing did not change any terms Plaintiff thought she would receive or did receive.

Plaintiff also objects to dismissal of her Dealers Act claim to the extent it relies upon the same reasoning. The Dealers Act provides for a cause of action against car dealers for using unfair methods of competition or unfair deceptive acts or practices. N.C. Gen. Stat. § 20-294(6); N.C. Gen. Stat. § 20-288(e) (providing a cause of action for violations of Chapter 20 of the North Carolina General Statutes). As discussed above, Plaintiff does not plead facts that would give rise to such a claim.

For these reasons, the Court adopts the Magistrate Judge's recommendation that these claims (Counts One and Two) be dismissed as to all Defendants, including the sureties listed in Count Ten.

---

the North Carolina Supreme Court noted that the required element for pleading a Chapter 75 claim is "similar to the detrimental reliance requirement under a fraud claim. It must be shown that the Plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation." Id. at 471, 343 S.E.2d 80. Later cases picked up this language and found that detrimental reliance is required in addition to a showing of actual injury, when detrimental reliance in those cases was a way of showing proximate cause. See, *e.g.*, Business Cabling v. Yokely, 182 N.C. App. 657, 643 S.E.2d 63 (2007); Forbes v. Par Ten Group, Inc., 99 N.C. App. 587, 394 S.E.2d 643 (1990). Thus, detrimental reliance is not necessarily required to be pled for a Chapter 75 claim to survive, but the Plaintiff does have to plead facts showing that the conduct of the defendant proximately caused injury to Plaintiff. Plaintiff has not pled any facts showing that a) she was injured or b) that any of the actions of the Defendants affected her decision to enter into the loan on the terms offered.

5

IV.

Plaintiff next objects to the recommendation that all dealership Defendants other than AVAG-Burlington be dismissed based on lack of standing, citing the "juridical link" doctrine as her basis for standing.[4] The basis for Plaintiff's "juridical link" argument was discussed and rejected by Judge Eliason, and, having reviewed the facts and the law *de novo*, this Court concurs with his analysis. As noted in the Recommendation:

> [T]his Court finds no case - and Plaintiff cites none - where a subsidiary has been held liable for the actions of another subsidiary, i.e., another business at the same level of the corporate structure. Plaintiff attempts to evade this problem by making conclusory allegations of conspiracy.... However, Plaintiff actually asserts that Alan Vester directed the alleged conspiracy 'from the top down,' and 'controlled the corporate entities such that they continued the fraudulent practices.' Thus, as alleged, it was not an agreement between the dealerships, but rather directives dictated to them by the owner or management, above the individual dealerships, which led to the fraudulent actions in the instant case. Based on these assertions, Plaintiff fails to allege a civil conspiracy under North Carolina law, and, as a result, her injuries, if any, are not 'fairly traceable to the other dealerships.

[Doc. # 42, at 7-8]. This Court adopts the Recommendation of Judge Eliason regarding the dismissal of Defendants based on lack of standing.

V.

Judge Eliason did not recommend dismissal of Plaintiff's claim under the Equal

---

[4] These defendants (the "Dealer Defendants") are: Alan Vester Motor Company, Inc., Alan Vester Nissan, Inc., Alan Vester Auto Mart, Inc., Alan Vester Ford Lincoln Mercury, Inc., and Alan Vester Auto Mart of Kinston, Inc. Also included in dismissal are: Alan Vester Management Corp. and Alan Vester Enterprises, LLC.

Credit Opportunity Act (Count Five) because Defendants did not discuss the claim in their brief in support of their Motion to Dismiss. Neither party objected to the recommendation to deny Defendant's motion to dismiss as to Count Five, and this Court, finding no clear error, will adopt Judge Eliason's Recommendation as to Count Five.[5]

VI.

For the foregoing reasons, the Memorandum Opinion and Recommendation of Magistrate Judge Eliason is adopted in Part, and Defendants' Motion to Dismiss [Doc. # 27] is GRANTED as to all Defendants other than AVAG-Burlington and Alan Vester. All claims against AVAG-Burlington and Alan Vester are DISMISSED other than Plaintiff's civil conspiracy and Equal Credit Opportunity Act claims. In addition, Plaintiff's Motion to Amend has been reviewed *de novo* and is DENIED for the reasons stated in the Memorandum Opinion and Recommendation.

This the 12th day of February, 2009.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

---

[5] Although this Court finds no clear error in Judge Eliason's recommendation regarding Count Five because the Defendants did not make any specific argument with respect to dismissing Count Five, it will be noted that there is a serious question regarding whether the Plaintiff has suffered any type of "adverse action" that would entitle her to protection under the statute. 15 U.S.C. §1691(d)(6); see also 12 C.F.R. § 202.2(c).